IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNIE SCHROEDER

      Plaintiff,                      No. CIV 2:08-cv-0803 MCE KJM PS

      vs.

STATE BOARD OF EQUALIZATION,
FRANCHISE TAX BOARD, THE
SACRAMENTO COUNTY RECORDER'S
OFFICE, STATE OF CALIFORNIA
      Defendant.                 FINDINGS AND RECOMMENDATIONS

_____/

        In this action, plaintiff challenges a proposed assessment by the Franchise Tax Board ("FTB"), approval of the assessment by the State Board of Equalization ("SBE"), and the recording of a tax lien by the Sacramento County Recorder's Office as violative of plaintiff's due process rights. Defendants move to dismiss, contending this action is barred by the Tax Injunction Act ("TIA").

        Under the TIA, "[t]he district courts shall not . . . suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Thus, a determination must be made on (1) whether the district court would "suspend or restrain the assessment, levy or

1

collection of any tax" by deciding the merits, and (2) whether there is a "plain, speedy and efficient remedy" in the state court system.

Plaintiff contends in his opposition to the motion to dismiss that, "this case has nothing to do with an alleged tax liability." Opp'n at 2. However, this contention is belied by the allegations of the complaint wherein the plaintiff asserts that the "tax assessment, fines and penalties" were levied without due process. Compl. at 1. In addition, plaintiff alleges that his Seventh Amendment rights were abridged by the denial of a jury trial in determining whether the tax collection was proper. Id. at 2. Given the allegations of the complaint, a decision on the merits of plaintiff's claims in his favor -- i.e., that the assessment and collection thereof were improper -- would necessarily restrain the collection of the tax assessed by the FTB, approved by the SBE and recorded by the Sacramento County Recorder's Office.

The Supreme Court has stated that the "plain, speedy and efficient remedy" prong of the TIA requires the state court remedy to meet certain minimums procedurally. Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 512-22 (1981). The TIA was created "to limit drastically federal district court jurisdiction to interfere with . . . collection of taxes." California v. Grace Brethren Church, 457 U.S. 393, 408-09 (1982) (quoting Rosewell, supra). In order to fulfill Congress's intent "'to limit drastically' federal-court interference with state tax systems, [the court] must construe narrowly the 'plain, speedy and efficient' exception to the Tax Injunction Act." Id. at 413.

A state court refund procedure providing the taxpayer with a "full hearing and judicial determination" of constitutional arguments as to whether a tax can be levied, is sufficient to provide an adequate remedy. Rosewell, 450 U.S. at 514-15 (remedy was sufficient where taxpayer was required to pay the contested tax under protest, and file an objection to the county's circuit court, without the right to interest if she prevailed). California provides for a tax refund suit in its Revenue and Taxation Code, in a provision which has been deemed to provide a "plain, speedy, and efficient remedy." See Cal. Rev. & Tax. Code, § 19382; Jerron West, Inc. v. State of

2

1  Cal., State Bd. Of Equalization, 129 F.3d 1334, 1339 (9th Cir. 1997) (citing Franchise Tax Bd. v.
2  Alcan Aluminum, 493 U.S. 331, 338 (1989)).[1]  Accordingly, since a decision on the merits
3  would restrain the collection of a tax and plaintiff is afforded an adequate remedy under state
4  law, this action is barred by the TIA.
5        Accordingly, IT IS HEREBY RECOMMENDED that:
6        1. Defendants' motion to dismiss be granted; and
7        2. This action be dismissed
8        These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten
10 days after being served with these findings and recommendations, any party may file written
11 objects with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's orders.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: July 8, 2008.

_____
U.S. MAGISTRATE JUDGE

20 schroeder.57
   ext1

---

[1] In the Jerron West and Alcan Aluminum decisions, the courts addressed the adequacy of California Revenue and Taxation Code section 19382's predecessor, section 26102.

3